FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

VIKAS KUMAR,

        Petitioner,

  v.

ERIC H. HOLDER, Jr., Attorney General,

        Respondent.

No. 06-75556

Agency No. A097-620-777

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted December 10, 2010
San Francisco, California

Before: HUG, D.W. NELSON, and McKEOWN, Circuit Judges.

Vikas Kumar ("Kumar") appeals the decision of the Board of Immigration

Appeals ("BIA") affirming an Immigration Judge's ("IJ") denial of his claims for

asylum, withholding of removal, and relief under the Convention Against Torture.

Specifically, Kumar claims that the BIA erred in affirming both the IJ's adverse

credibility determination and the IJ's finding that, regardless of credibility, he did

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

not have a well-founded fear of future persecution. We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny Kumar's petition in its entirety.

This Court reviews credibility determinations and denials of asylum for substantial evidence. *Li v. Ashcroft*, 378 F.3d 959, 962 (9th Cir. 2004) (citing *Baballah v. Ashcroft*, 335 F.3d 981, 987 (9th Cir. 2003)). A credibility determination "must be supported by a specific, cogent reason," and it will be "upheld so long as identified inconsistencies go to the heart of the asylum claim." *Id*. (internal quotations omitted).[1]

Here, the BIA pointed to substantial evidence in the record regarding Kumar's "failure to establish his identity; inconsistencies in the documents he submitted; inconsistent statements about the documents and his procurement of them; and failure to provide reasonably verifiable and obtainable corroborating evidence." Among other errors and omissions, the IJ pointed to Kumar's failure to present an original copy of his passport or birth certificate, various mistakes regarding his father's name in the documents he did provide, including his school records, and discrepancies in Kumar's testimony as to when he allegedly applied for and received his passport in the first instance. These inconsistencies

---

[1] This case involves a Pre-REAL ID Act application. Kumar applied for asylum in the United States on or about March 12, 2004.

2

undoubtedly go to the heart of Kumar's asylum claim, because they concern his identity. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003) (holding that eligibility for asylum depends on the credible establishment of "key" elements, including identity). They also bear on Kumar's enrollment in school, which was his only association with an alleged militant.

In circumstances such as these, where an "applicant's credibility is in question, and he or she fails to produce evidence that is non-duplicative, material, and easily available[,] the IJ or BIA may make an adverse credibility finding." *Guo v. Ashcroft*, 361 F.3d 1194, 1201 (9th Cir. 2004) (internal quotations omitted). Kumar's failure to produce corroborating evidence is coupled with errors and inconsistencies that go to the heart of his asylum claim. Therefore, the IJ's adverse credibility finding was supported by substantial evidence.

Substantial evidence also supports the BIA's determination that, regardless of Kumar's credibility, his alleged fear of future persecution in India was successfully rebutted by the government. Here, the agency cited to evidence that relocation within India is a safe and reasonable alternative to asylum, *see Mashiri v. Ashcroft*, 383 F.3d 1112, 1122 (9th Cir. 2004) (citations omitted), including the observation that Kumar had voluntarily lived in Delhi without difficulties from the police, and information from the U.K. and Danish Country Reports for India

indicating that the local police would not have the means to track a low profile person upon repatriation to another part of India. The BIA also pointed out that Kumar's father, who was arrested with him in 2002, has continued to live in Haryana without incident. These factors alone constitute substantial evidence.

Petition for review **DENIED**.